# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR HINOJOSA-MORENO, | ) |
| | ) 3: 14-cv-0205 |
| Petitioner, | ) |
| | ) |
| v. | ) United States District Judge |
| | ) Kim R. Gibson |
| MARK KIRBY, Warden, FCI Loretto, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

This case was commenced on September 22, 2014, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

According to the Petition, filed pursuant to Title 28, United States Code, section 2241, Petitioner, an inmate at the Federal Correctional Institution ("FCI") – Loretto, was subjected to a random urinalysis on August 28, 2013. He remained under constant supervision for two hours and twenty minutes, but refused to provide a urine specimen during the allotted time. An Incident Report was issued which charged Petitioner with Refusing to Provide a Urine Sample, Refusing to Breathe into a Breathalyzer, and/or Refusing to Take Part in Drug Abuse Testing. The Disciplinary Hearing Officer ("DHO") conducted a discipline hearing and, on November 14, 2013, the DHO issued a written report in which he found that Petitioner had committed the prohibited act of Refusing to Provide a Urine Sample.

1

There is no dispute that Petitioner attempted to file numerous Administrative Remedy Requests and / or Appeals challenging the disciplinary action taken by the DHO at FCI-Loretto; however, each of his administrative remedy submissions was rejected without a substantive response due to procedural or technical errors that he did not correct within the applicable filing period. The record reflects that on at least two occasions, Petitioner was advised that DHO appeals must be initiated with the Regional Office and that to the extent he was not appealing disciplinary action, he needed to submit his Request for Administrative Remedy Request through his Correctional Counselor. The record reflects that Petitioner has never submitted any other Administrative Remedy Requests or Appeals at any level of the Administrative Remedy Process.

On May 21, 2015, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 14) recommending that the Petition for Writ of Habeas Corpus be dismissed because Petitioner had failed to exhaust his administrative remedies. Petitioner was served with the Report and Recommendation at his listed address and was advised that Objections to the Report and Recommendation were due by June 8, 2015. Petitioner requested an extension of time to file objections which was granted, and, on July 8, 2015, Petitioner timely filed written objections. (ECF No. 17).

Petitioner's objection to the Report and Recommendation is that the Magistrate Judge erred because he is "<u>not</u> challenging disciplinary actions taken against [him]," but rather he is "challenging denial / rejection of his <u>constitutional right</u> to filing an administrative remedy complaint with prison authorities denouncing prison employees misconduct. . . ." Obj. at 1 and 3 (emphasis in original).

2

From the onset of the administrative process, Petitioner was informed that to the extent he was not appealing any disciplinary action, he needed to submit his Request for Administrative Remedy Request through his Correctional Counselor. Petitioner did not submit such a request.

The Petition in this case was filed pursuant to Title 28, United States Code, Section § 2241, and entitled "Petition for a Writ of Habeas Corpus Pursuant to Title 28, United States Code, Section § (sic) 2241). As relief, Petitioner requests the Court to strike "respondent actions herein above complained of; and that the court direct respondent to <u>restore all lost privileges and forfeited good time,</u> and that the court grant such and other further relief as the court may deem just and proper." (emphasis added.)

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542. As submitted, the claims in the Petition were proper habeas claims. Therefore, to the extent that Petitioner is challenging the DHO findings and disciplinary action taken against him, the Court agrees with the recommendation of the Magistrate Judge and finds that Petitioner's failure to properly exhaust his administrative remedies amounts to a default of any habeas claim he has regarding the findings and actions of the DHO. Further, the Court agrees with the recommendation that Petitioner has failed to demonstrate any reason why this Court should excuse his default.

Petitioner should be aware that he cannot avoid the $400 filing fee for a civil rights action by simply indicating that this action is one for habeas relief when in actuality he is not seeking such relief. Accordingly, to the extent, that Petitioner actually wishes to pursue claims for violations of his constitutional rights, then he must do so by way of a civil rights complaint. In that case, Petitioner should initiate new proceedings by filing a civil rights complaint with the Court and tendering to the "Clerk, U.S. District Court" the statutory filing fee in the amount of $350.00, plus a $50.00 administrative fee, for a total of $400.00, or file a properly completed application to proceed *in forma pauperis*, including "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the aforementioned affidavit, Petitioner is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Petitioner is also advised that "state statutes of limitations should be borrowed for suits under *Bivens*."[1] *Milbrook v. U.S.*, 8 F. Supp.3d 601, 610 (M.D.Pa. 2014) (quoting *Roman v. Townsend*, 48 F. Supp.2d 100, 104 (D. Puerto Rico 1999)). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. Cons.Stat. Ann. § 5524(7) (Purdon Supp.1996); *Kost v.*

---

1 *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens* action is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. which is brought to redress a federal officials' violation of a constitutional right.

4

*Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985). The Court also notes that the statute of limitations is tolled while an inmate exhausts administrative remedies. *Bullock v. Buck*, No. 14-4559, -- F. App'x ---, 2015 WL 1951895 (3d Cir. May 1, 2015) (citing *Pearson v. Sec'y Dept of Corrections*, 775 F. 3d 598, 603 (3d Cir. 2015)).[2]

After *de novo* review of the Petition, the Response, the Report and Recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this __31st__ day of July, 2015;

**IT IS ORDERED** that the instant petition for writ of habeas corpus shall be, and hereby is, **DISMISSED.** The Report and Recommendation filed on May 21, 2015 (ECF No. 14), as supplemented herein, is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

Kim R. Gibson
United States District Judge

---

[2] However, the issue of whether the statute of limitations has been tolled is not before the Court and, therefore, the Court expresses no opinion on that issue.

cc: VICTOR HINOJOSA-MORENO
32788-198
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940
(via U.S. First Class Mail)

Amie S. Murphy
United States Attorneys Office
(via ECF electronic notification)